**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| UBER DRIVER PARTNER EMERY, |
| Plaintiff, |
| v. |
| UBER TECHNOLOGIES INC. et al., |
| Defendants. |

Civil Action No. 20-05156 (FLW)(ZNQ)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff Uber Driver Partner Emery's ("Plaintiff") Motion for Default Judgment, (Pl.'s Mot. for Default J., ECF No. 22.), and Defendants Uber Technologies Inc.'s ("Uber"), Raiser LLC's[1], and Dara Khosrowshahi's (collectively as "Defendants") Motion to Set Aside Default (Defs.' Mot. to Set Aside Default ("Defs.' Mot."), ECF No. 23). Plaintiff filed the Motion for Default Judgment on October 1, 2020. Defendants opposed Plaintiff's Motion for Default Judgment, (ECF No. 26)[2], and Plaintiff replied, (ECF No. 27). On the same day that Plaintiff filed the Motion for Default Judgment, Defendants filed a Motion to Set Aside Default, (ECF No. 23). Plaintiff opposed Defendants' Motion (ECF No. 25)[3]. The Court has carefully considered the parties' arguments, and decides the matter without oral

---

[1] Raiser LLC is a subsidiary of Uber Technologies, Inc.  The Clerk of Court did not enter default against Defendant Raiser LLC because Raiser LLC "filed responsive pleadings." (ECF Nos. 20 and 21.) Nonetheless, to the extent any error may have been committed in failing to enter default, Raiser LLC's request to set aside the entry of default in the current motion will be considered by this Court.

[2] Defendants requested that the Court allow Defendants to use their Motion to Set Aside Default as their opposition to Plaintiff's Motion for Default.

[3] Although Plaintiff's opposition appears unclear and fails to meaningfully respond to Defendants' Motion, the Court has considered and incorporated Plaintiff's arguments into its analysis.

argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons stated below, the Court finds good cause to grant Defendants' Motion to Set Aside the Entry of Default and deny Plaintiff's Motion for Default Judgment.

## I.      BACKGROUND

Plaintiff initiated this action by filing a Complaint on April 28, 2020. (Compl., ECF No. 1.) Plaintiff listed the Defendants as Uber Technologies, Inc., Raiser, LLC, Uber Rider Dinely, Uber Rider Taji and her friend, Uber Rider James, Uber's Investigation Team and Managers Thereof, Uber's Critical Safety Response Team and Managers Thereof, Uber Driver Support Team and Managers Thereof, Dara Khosrowshahi, and Uber's Senior Management. (*Id*.) On June 12, 2020, Plaintiff served the Complaint on Uber at its registered agent.

On July 17, 2020, Uber filed a motion to dismiss the Complaint against all Defendants. (Mot. to Dismiss, ECF No. 6.) On July 27, 2017, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 8.) On August 24, 2020, Uber filed a Motion to Dismiss Plaintiff's First Amended Complaint against all Defendants listed in the Complaint. (ECF No. 15.) In his Amended Complaint, Plaintiff alleges, among other things, discrimination under 42 U.S.C. §1981 and section 10:5-12(1) of the New Jersey Law Against Discrimination. (*See generally* Am. Compl.) Plaintiff also raises contract and tort claims. (*Id*.) Defendants then filed a Motion to Dismiss Plaintiff's Amended Complaint, which is currently pending before the Court (Mot. to Dismiss Am. Compl., ECF No. 15.)

On September 30, 2020, Plaintiff moved for entry of default as to Uber Rider Dinely, Uber Rider Taji and her friend, Uber Rider James, Uber's Investigation Team and Managers Thereof, Uber's Critical Safety Response Team and Managers Thereof, Uber Driver Support Team and Managers Thereof, Dara Khosrowshahi, and Uber's Senior Management (collectively as the

"Individual Defendants") and Defendant Raiser LLC. (ECF No. 20.) The Clerk of Court entered default against the Individual Defendants, but declined to enter default against Raiser LLC because Raiser LLC "filed responsive pleadings." (*Id.*) On October 1, 2020, Plaintiff filed a Motion for Default Judgment as to the Individual Defendants and Raiser LLC, despite the fact that the Clerk did not enter default against Raiser LLC. (Pl.'s Mot. for Default J.) On that same day, Defendants subsequently filed a Motion to Set Aside Default as to all Individual Defendants. (Defs.' Mot.)

**II.    LEGAL STANDORD**

### a. Service of Process

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

An agent is one who is authorized to receive process by appointment or authorized to receive process by law. *Reddy v. Medquist, Inc.*, No. 06-4410, 2009 WL 2413673, at *9 (D.N.J. Aug. 4, 2009). "Where there is a question as to the validity of service, the burden of proof of

service lies on 'the party asserting the validity of service.'" *Id*. at 2 (citing *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir.1993)).

Under New Jersey Court Rule 4:4-4(a)(1), an individual must be served personally or "by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf."

Under Federal Rule of Civil Procedure 4(h), a corporation, partnership, or an association must be served

> (1) in a judicial district of the United States:
>
>> (A) in the same manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

Pursuant to New Jersey Court Rule 4:4-4(a)(5), partnerships and unincorporated associations must be served "by serving a copy of the summons and complaint in the manner prescribed by [New Jersey Court Rule 4:4-4(a)(1)] on an officer or managing agent or, in the case of a partnership, a general partner."

4

### b. Setting Aside Default

The Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). "A judgment setting aside the entry of default is within a district court's discretion . . . ." *Doe v. Hesketh*, 828 F.3d 159, 174 (3d Cir. 2016) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984)). "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "In exercising that discretion and determining whether 'good cause' exists, [the Third Circuit has] instructed district courts to consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Hesketh*, 828 F.3d. at 175 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195) (second alteration in original). Delay rarely is ever sufficiently prejudicial to prevent vacating default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656–57 (3d Cir. 1982). "To show a meritorious defense, a plaintiff must assert defenses that would constitute a complete defense to the action." *World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). And "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant," including "acts intentionally designed to avoid compliance with court notices"—it must be more than "mere negligence." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182–83 (3d Cir. 1984).

"In cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 121 (E.D. Pa. 1996). Courts in this Circuit prefer "cases be disposed of on the merits whenever practicable,"

*Hritz*, 732 F.2d at 1181; *accord Leeder v. Feinstein*, No. 18-12384, 2019 WL 8105293, at *1 (D.N.J. Dec. 11, 2019), and "are split as to the dispositive nature of [the second] factor," *HEI Investments, LLC v. Black Diamond Capital Appreciation Fund, LP*, No. 15-746, 2016 WL 952338, at *3 (D.N.J. Mar. 14, 2016) (comparing *Allstate Ins. Co. v. Hopfer*, No. 08-4549, 2009 WL 1362612, at *3 (E.D. Pa. May 14, 2009) (granting vacatur while holding that motion to vacate would not be denied on lack of meritorious defense alone), and *Toy v. Haman*, No. 07-3076, 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008) (allowing vacatur despite lack of specific presentation of meritorious defenses), with *Foundation Structures, Inc. v. Safeco Ins. Co. of Am.*, No. 08-4763, 2009 WL 2602431, at *4-5 (E.D. Pa. Aug. 24, 2009) (denying motion but granting the movant thirty days to submit meritorious defenses), and *Days Inn Worldwide, Inc. v. Jerbev Corp.*, No. 08-1659, 2009 WL 249244, at *2 (D.N.J. Feb. 2, 2009) (denying motion but allowing the movant twenty days additional time to show a meritorious defense)). This Court has, however, also held that "[t]he greater leniency afforded movants in the entry of default context cannot entirely excuse their obligation to present a meritorious defense," and the "[l]ack of a meritorious defense is, in fact, a dispositive threshold matter in both the entry of default and entry of default judgment context." *Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *3 (D.N.J. Mar. 14, 2012).

### III. DISCUSSION

#### a. Service of Process

First, the Court addresses whether the Individual Defendants were properly served. Defendants argue in their Motion to Set Aside Default that Plaintiff "has not demonstrated that he effectuated service on any of the Individual Defendants for which the Clerk has entered default." (Defs.' Mot. at 1-2.) Defendants argue that default judgment cannot be entered upon an individual

6

if the individual was not properly served. (*Id.* at 4.)  Plaintiff alleges that he could not serve the Individual Defendants because he would have violated the "Technology Service Agreement," which states that Plaintiff "shall not contact any User's personal data for any reason other than for the purposes [sic] of fulfilling Transportation Services."  (Pl.'s Opp'n at 5.)

Under the Federal Rules of Civil Procedure, an individual must be served by (1) delivering a copy of the summons and complaint to the individual personally, (2) "leaving a copy of each with someone of suitable age and discretion who resides there, or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). An individual may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.*

Under New Jersey law, an individual must be served personally, or by leaving a copy of the summons and complaint at the individual's dwelling or place of usual abode with a competent member of the household of the age of 14, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf. New Jersey Court R. 4:4-4(a)(1).  Plaintiff has the burden of establishing that service was proper. *Reddy*, 2009 WL 2413673, at *2.

Plaintiff admittedly did not serve any of the Individual Defendants personally, nor did he leave a copy of the summons and complaint at the Individual Defendants' dwellings or places of abode with a member of the household of suitable age, or at least 14 years of age. (Pl.'s Opp'n at 5.) Moreover, Plaintiff has not established that Uber's agent whom he served was authorized by appointment or by law to receive service on behalf of any of the Individual Defendants. Therefore, the Court finds that Plaintiff did not properly serve the Individual Defendants.

Moreover, Plaintiff did not properly serve Raiser LLC under Fed. R. Civ. P. 4(h). Under Rule 4(h), a plaintiff must serve a business entity by (1) following the state law of the state in which the district court is located or where service was made, or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). New Jersey law states that an unincorporated association must be served by leaving a copy of the summons and complaint in the manner prescribed by New Jersey Court R. 4:4-4(a)(1), "on an officer or managing agent." New Jersey Court R. 4:4-4(a)(5). Plaintiff served all Defendants, including Raiser LLC, by serving Uber's agent. (Pl.'s Opp'n at 5.) Plaintiff did not establish that Uber's agent is authorized by appointment or by law to receive service of process on behalf of Raiser LLC.

The Third Circuit has held that "[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *See also HICA Educ. Loan Corp. v. Lepera*, 2011 WL 3515911, at *2 (D.N.J. Aug. 10, 2011) (holding that "[a] default judgment entered without personal jurisdiction over the defendant is void"). Here, the Court finds that there is no evidence that establishes that the Individual Defendants were properly served and therefore, the entry of default should be set aside. The Court further finds that Raiser LLC was not properly served, and to the extent that there was error in failing to enter default, such default should also be set aside.

### b. Good Cause to Set Aside Default

Even if Plaintiff did establish that he has properly served Defendants, though he has not, the Court finds good cause to set aside the default entered against the Individual Defendants. In determining whether good cause exits to set aside an entry of default, the Court should consider: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of defendant's culpable conduct.[4] *Hesketh*, 828 F.3d at 175. Defendants allege that there is good cause for the Court to set aside the default because Plaintiff will not suffer any prejudice, they assert meritorious defenses, and they allege that entry of default was not the result of their own culpable conduct. (Defs.' Mot. at 6.)

First, the Court considers whether Plaintiff will suffer prejudice if the Motion to Set Aside Default is granted. Defendants argue that Plaintiff will not suffer any prejudice because there has been no delay in the litigation resulting from the default, as Uber filed a motion to dismiss the Amended Complaint, which is currently pending before the Court. (*Id*.) Plaintiff further alleges that Plaintiff has not demonstrated that he served the Amended Complaint on any of the Individual Defendants and therefore, their time to respond to the Amended Complaint has yet to run pursuant to Rules 5(b) and 15(a)(3). (*Id*. at 7.) Plaintiff has failed to establish how setting aside the default would prejudice Plaintiff. The Court agrees with Defendants. Accordingly, the Court finds that this factor weighs in favor of setting aside the entry of default.

Next, the Court considers whether Defendants have raised a meritorious defense. Defendants argue that all Individual Defendants have a meritorious defense under Rule 12(b)(2) and (5) because Plaintiff failed to properly serve any of the Individual Defendants. (Defs.' Mot. at

---

[4] Ordinarily, in cases where default is improperly entered, the Court may set it aside without consideration of these factors. *See AllGood Entm't, Inc. v. Gridiron Video*, No. 09-2406, 2012 U.S. Dist. LEXIS 14899, at *10 (D.N.J. Feb. 6, 2012).

9

7.) Defendants also argue that the Individual Defendants have meritorious defenses under Rule 12(b)(6) for the reasons set forth in Uber's Motion to Dismiss Plaintiff's Amended Complaint.[5] (*Id.*) Defendants are not required to prove their case at this moment, but only to present facts, which if proven, would be a full defense to Plaintiff's claims. *See Hritz*, 732 F.2d at 1181. As a result, the Court finds that this factor also weighs in favor of setting aside the entry of default.

Finally, the Court considers whether the default was a result of Defendants' culpable conduct. Defendants argue that their failure to respond was not caused by their own culpable conduct, but was instead caused by Plaintiff's failure to properly serve the Individual Defendants. (Defs.' Mot. at 8.) Plaintiff served the Individual Defendants at Uber's registered agent. This was an improper means of service under the Federal Rules of Civil Procedure. Plaintiff did not present any evidence that would support a finding of culpable conduct attributable to the Individual Defendants nor has Plaintiff provided the Court with evidence showing that the Individual Defendants acted willfully and in bad faith. The Court does not find the Individual Defendants' failure to respond was a result of their culpable conduct and as a result, this factor also weighs in favor of setting aside the entry of default. Accordingly, the Court finds good cause to set aside the entry of default as all three factors weigh in favor of setting aside the entry of default. For reasons previously outlined by this Court, all three factors also weigh in favor of setting aside any entry of default against Raiser LLC although no such default was actually entered by the Clerk of the Court.

---

[5] In the Motion to Dismiss the Amended Complaint, Defendants alleged, among other things, that Plaintiff has fails to plead facts sufficient to support a claim under 42 U.S.C. § 1981, Plaintiff failed to demonstrate discrimination in violation of the New Jersey Law Against Discrimination, and that Plaintiff fails to plead sufficient facts demonstrating the Individual Defendants aided or abetted the actions of Uber riders. (*See generally*, Defs.' Mot. to Dismiss the Am. Compl., ECF No. 15.)

### IV. CONCLUSION & ORDER

The Court finds that that the Individual Defendants and Raiser LLC were not properly served. Additionally, after balancing the factors to determine if there is good cause to set aside the entry of default, and in light of the Third Circuit's preference that cases be decided on the merits, *Hritz*, 732 F.2d at 1181, the Court finds good cause to set aside the entry of default.

For the reasons expressed above, and for other good cause shown,

**IT IS** on this 30th day of December, 2020 **ORDERED** that:

1. Defendants' Motion to Set Aside Entry of Default (ECF No. 23) is **GRANTED**.

2. The entry of default entered against Uber Rider Dinely, Uber Rider Taji and her friend, Uber Rider James, Uber's Investigation Team and Managers Thereof, Uber's Critical Safety Response Team and Managers Thereof, Uber Driver Support Team and Managers Thereof, Dara Khosrowshahi, and Uber's Senior Management is hereby **VACATED**.

3. To the extent an error was committed in failing to enter default against Raiser LLC, Raiser LLC's request to set aside such entry of default is **GRANTED**.

4. Plaintiff's Motion to Enter Default Judgment (ECF No. 22) is **DENIED AS MOOT**.

5. The Court finds that Raiser LLC, Uber Rider Dinely, Uber Rider Taji and her friend, Uber Rider James, Uber's Investigation Team and Managers Thereof, Uber's Critical Safety Response Team and Managers Thereof, Uber Driver Support Team and Managers Thereof, Dara Khosrowshahi, and Uber's Senior Management were not properly served pursuant to Fed. R. Civ. P. 4.

6. Plaintiff shall have thirty (30) days from entry of this Order to properly serve all Defendants.

                                        s/ Zahid N. Quraishi

                              _____
                              **ZAHID N. QURAISHI**
                              **UNITED STATES MAGISTRATE JUDGE**